UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

EDWARD L. WILLIAMS,            )    CASE NO. 5:05 CV 1317
                              )
        Plaintiff,            )    JUDGE JOHN R. ADAMS
                              )
      v.                      )
                              )    MEMORANDUM OF OPINION
JOHN, Fiscal Officer, et al., )    AND ORDER
                              )
        Defendants.           )

On May 13, 2005, plaintiff <u>pro se</u> Edward Williams filed this <u>in forma pauperis</u> action against the Summit County Fiscal Officer, Summit County Prosecutor James A. Rogers, Summit County Common Pleas Judge Mary Spicer, and Summit County Clerk of Courts Diana Zeleski.  The complaint challenges a foreclosure decision of the Summit County Court of Common Pleas, which plaintiff asserts violated his "Federal rights."  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although <u>pro se</u> pleadings are liberally construed, <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. <u>See District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 483 n. 16 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  <u>Id.</u>  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates the his federal rights.  <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in

---

[1]     A claim may be dismissed <u>sua sponte</u>, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. Catz v. Chalker, 142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." Catz, 142 F.3d at 293. Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. Id.; Tropf, 289 F.3d at 937.

In the present action, plaintiff directly attacks a state court's decision, and the action is clearly predicated on his belief that the state court was mistaken in rendering its decision against him. Any review of plaintiff's claims would require the court to review the specific issues addressed in the state court proceedings. This court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. Feldman, 460 U.S. at 483-84 n. 16; Catz, 142 F.3d at

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3)

3

that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

               S/John R. Adams 7/15/05
              JOHN R. ADAMS
              UNITED STATES DISTRICT JUDGE